IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 1:19-cv-01984 |
| Plaintiff, | Judge: Lindsay C. Jenkins |
| v. | |
| DAY PACER LLC, et al. | |
| Defendants. | |

**ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF**

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for civil penalties, a permanent injunction, and other relief in this matter, pursuant to Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a)(1), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. Plaintiff has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 against Defendants Day Pacer LLC, EduTrek L.L.C., Raymond Fitzgerald, David Cumming, and Ian Fitzgerald. Defendant David Cumming died after the parties had fully briefed summary judgment and his estate has been substituted as a defendant. The Court, having considered the memoranda and exhibits filed in support of Plaintiff's Motion for Summary Judgment, and all other pleadings and filings in this action, granted Plaintiff's motion in part for the reasons set forth in its Memorandum Opinion and Order [Dkt. 280]. The Court held a hearing on remedies on November 8, 2023, and now enters this Order granting injunctive relief. This Order does not impose any injunctive or other relief (including, without limitation,

the relief or other requirements under Section II-V hereof) against David Cumming or his estate. Nor does it make any findings with respect to David Cumming or his Estate. The Court will separately enter an Order on civil monetary penalties with respect to all Defendants.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint states a claim upon which relief may be granted, charging that Defendants violated Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR" or "Rule"), as amended, 16 C.F.R. Part 310, in the Telemarketing of vocational training and post-secondary education programs.

3. The Corporate Defendants violated the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B) (**Count I**) by initiating or causing the initiation of outbound telephone calls to consumers whose telephone numbers were on the National Do Not Call Registry ("Registry"). The Corporate Defendants also violated 16 C.F.R § 310.3(b) (**Count II**) by assisting and facilitating their inbound transfer partners' violations of the TSR.

4. The Corporate Defendants' TSR violations are deemed to constitute unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

5. There is no genuine issue of material fact as to any of the Defendants' affirmative defenses, and summary judgment for the FTC is granted as to each of those defenses.

6. Corporate Defendants Day Pacer LLC ("Day Pacer") and EduTrek L.L.C. ("EduTrek") formed a common enterprise. Day Pacer is also a corporate successor to EduTrek. The Corporate Defendants had knowledge that their acts and practices were prohibited by the TSR.

7. The Individual Defendants either participated in the violative acts or practices and/or had authority to control them. The Individual Defendants knew or should have known of the Corporate Defendants' violative acts and practices and knowledge that those acts and practices were prohibited by the TSR.

8. There is a reasonable likelihood that Defendants Day Pacer LLC, EduTrek L.L.C., Raymond Fitzgerald, and Ian Fitzgerald ("Day Pacer Defendants") will engage in future violations absent the injunctive relief requested. Accordingly, it is proper in this case to issue a permanent injunction under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) that: a) bans the Day Pacer Defendants from engaging in, or assisting others engage in, telemarketing activities; and b) orders other relief including recordkeeping and compliance monitoring provisions to ensure compliance with this Order.

10. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendants**" for purposes of this Order means all of the Individual Defendants (as defined herein) and the Corporate Defendants, individually, collectively, or in any combination.

B. "**Corporate Defendants**" means Day Pacer LLC (also d/b/a Edutrek, EdSoup, Our School Search, College Info, Degree Spots, and Insurance Info), Edutrek LLC (also d/b/a EdSoup), and their successors and assigns.

C. "**Day Pacer Defendants**" means the Corporate Defendants, Raymond Fitzgerald, and Ian Fitzgerald.

D.     "**Individual Defendants**" for purposes of this Order means Raymond Fitzgerald, Ian Fitzgerald, and David Cumming.

E.     "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

**ORDER**

**I.  BAN ON TELEMARKETING**

IT IS ORDERED that the Day Pacer Defendants are permanently restrained and enjoined from participating in Telemarketing or assisting others engaged in Telemarketing, whether directly or through an intermediary.

**II.  ORDER ACKNOWLEDGMENTS**

IT IS FURTHER ORDERED that the Day Pacer Defendants obtain acknowledgments of receipt of this Order:

A.     Each Day Pacer Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 20 years after entry of this Order, Defendants Raymond Fitzgerald and Ian Fitzgerald for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents and representatives having managerial responsibilities for conduct related to Lead Generation; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry

of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

### III.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that the Day Pacer Defendants make timely submissions to the Commission:

A.  One year after entry of this Order, each Day Pacer Defendant must submit a compliance report, sworn under penalty of perjury:

1.  Each Day Pacer Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendants Raymond Fitzgerald and Ian Fitzgerald must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Defendants Raymond Fitzgerald and Ian Fitzgerald must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Day Pacer Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: 1. Each Day Pacer Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Defendants Raymond Fitzgerald and Ian Fitzgerald must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.	Each Day Pacer Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.	Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.	Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin:  FTC v. DAY PACER, X190022.

## IV.  RECORDKEEPING

IT IS FURTHER ORDERED that the Day Pacer Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years.  Specifically, each Corporate Defendant, in connection with Lead Generation, and Defendants Raymond Fitzgerald and Ian Fitzgerald for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.	accounting records showing the revenues from all goods or services sold;

B.	personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.	records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.	all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.	a copy of each unique advertisement or other marketing material.

## V.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Day Pacer Defendants' compliance with this Order:

A.	Within 14 days of receipt of a written request from a representative of the Commission, each Day Pacer Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.	 For matters concerning this Order, the Commission is authorized to communicate directly with each Day Pacer Defendant.  The Day Pacer Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Defendants Raymond Fitzgerald and Ian Fitzgerald pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## VI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Enter: 19-cv-1984
Date: November 21, 2023

_____
Lindsay C. Jenkins
UNITED STATES DISTRICT JUDGE