UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Federal Trade Commission,<br><br>   *Plaintiff*,<br><br>v.<br><br>Day Pacer LLC, Edutrek L.L.C., Raymond Fitzgerald, Ian Fitzgerald, and David Cumming,<br><br>   *Defendants*. | No. 19 CV 1984<br><br>Judge Lindsay C. Jenkins |

**ORDER FOR CIVIL PENALTIES**

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for civil penalties, a permanent injunction, and other relief in this matter, pursuant to Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a)(1), and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act (the "Telemarketing Act"), 15 U.S.C. § 6105. Plaintiff has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 against Defendants Day Pacer LLC, EduTrek L.L.C., Raymond Fitzgerald, David Cumming, and Ian Fitzgerald. Defendant David Cumming died after the parties had fully briefed summary judgment and his Estate has been substituted as a defendant. The Court, having considered the memoranda and exhibits filed in support of Plaintiff's Motion for Summary Judgment, and all other pleadings and filings in this action, granted Plaintiff's motion in part for the reasons set forth in its Memorandum Opinion and Order [Dkt. 280]. The Court held a hearing on remedies on November 8, 2023, and entered an Order for Permanent Injunction and Other Relief against Defendants Day Pacer LLC, EduTrek L.L.C., Raymond Fitzgerald, and Ian Fitzgerald on November 21, 2023, [Dkt. 293] ("Injunctive Order"). The Injunctive Order did not apply to deceased defendant Cumming or his substituted

Estate. Rather, the Court considered additional briefing by the Estate and Commission regarding appropriate relief as to that defendant. The Court entered an Order determining the appropriate civil penalty amount on January 16, 2024, [Dkt. 312] and now enters this Order granting civil penalties against all defendants jointly and severally and attendant order provisions. The relief imposed by this Order is in addition to, and not in lieu of, the relief imposed by the Injunctive Order.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint states a claim upon which relief may be granted, charging that Defendants violated Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR" or "Rule"), as amended, 16 C.F.R. Part 310, in the Telemarketing of vocational training and post-secondary education programs.

3. The Corporate Defendants violated the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B) (**Count I**) by initiating or causing the initiation of outbound telephone calls to consumers whose telephone numbers were on the National Do Not Call Registry ("Registry"). The Corporate Defendants also violated 16 C.F.R § 310.3(b) (**Count II**) by assisting and facilitating their inbound transfer partners' violations of the TSR.

4. The Corporate Defendants' TSR violations are deemed to constitute unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

5. There is no genuine issue of material fact as to any of the Defendants' affirmative defenses, and summary judgment for the FTC is granted as to each of those defenses.

6. Corporate Defendants Day Pacer LLC ("Day Pacer") and EduTrek L.L.C. ("EduTrek")

formed a common enterprise. Day Pacer is also a corporate successor to EduTrek. The Corporate Defendants had knowledge that their acts and practices were prohibited by the TSR.

7. Defendants Raymond Fitzgerald, Ian Fitzgerald, and David Cumming either participated in the violative acts or practices and/or had authority to control them. They knew or should have known of the Corporate Defendants' violative acts and practices and that those acts and practices were prohibited by the TSR.

8. The imposition of a civil penalty under Section 5(m)(1)(A), 15 U.S.C. § 45(m)(1)(A), is appropriate in this case. Defendants are jointly and severally liable for a civil penalty in the amount of $28,681,863.88.

9. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendants**" for purposes of this Order means all of the Individual Defendants (as defined herein) and the Corporate Defendants, individually, collectively, or in any combination.

B. "**Corporate Defendants**" means Day Pacer LLC (also d/b/a Edutrek, EdSoup, Our School Search, College Info, Degree Spots, and Insurance Info), Edutrek LLC (also d/b/a EdSoup), and their successors and assigns.

C. "**Individual Defendants**" for purposes of this Order means Raymond Fitzgerald, Ian Fitzgerald, and the estate of David Cumming ("Estate"), for which, as of the date of this Order, Margaret E. Cumming is the personal representative.

**ORDER**

**I.  MONETARY JUDGMENT FOR CIVIL PENALTY**

IT IS ORDERED that:

A.  Judgment in the amount of $28,681,863.88 is entered in favor of the Commission against the Individual Defendants and Corporate Defendants, jointly and severally, as a civil penalty.

B.  Defendants are ordered to pay to the Commission $28,681,863.88. Such payment must be made within 60 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C.  Defendants' Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously provided to the Commission, may be used for collecting and reporting, including on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

**II.  SUBMISSIONS TO THE FTC**

IT IS FURTHER ORDERED that unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. DAY PACER, X190022.

### III. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Enter: 19-cv-1984
Date: January 23, 2024

                                                Lindsay C. Jenkins
                                                UNITED STATES DISTRICT JUDGE